

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 1, 1970

Honorable Jack McLaughlin
Chairman, Parks and Wildlife Committee
Representative, District 52
House of Representatives
Austin, Texas

Opinion No. M-622

Re: Constitutionality of Article 952L-12, Sec. 2, of the Penal Code of the State of Texas as amended by Acts, 1967, 60th Leg., p. 1154,

Dear Representative McLaughlin: ch. 511.

You have requested an opinion of this office as to the constitutionality of Article 952L-12, Sec. 2, Texas Penal Code as amended. Rephrased, your questions are as follows:

Does Article 952L-12 of the Penal Code violate the Constitution of the State of Texas or the United States by providing that the nets of a person charged with an offense under this act can be confiscated and held pending the trial of such person?

Does the provision of the act which permits destruction of nets upon conviction of an individual so using them violate the Constitution of the State of Texas or the United States?

Section 2 of Article 952L-12 reads, in part, as follows:

"Sec. 2. When any peace office of this state or any law enforcement officer employed by the Parks and Wildlife Department sees any seine, strike, net, gill net, or trammel net, or any device the use of which is prohibited under Section 1 of this Act where the use of such device is prohibited and has reason to believe and does believe that the same is being used or possessed in violation of the

provisions of this Act, it shall be his duty to arrest the party using or possessing such device and, without a warrant, shall seize such device as evidence. It shall be the duty of such peace officer or employee to deliver such device to a court of competent jurisdiction of the county in which it was seized, where it shall be held as evidence until after the trial. If the defendant is found guilty of possessing or using such device unlawfully, the court shall enter an order directing the immediate destruction of such device by any state game warden or by the sheriff or constable of the county where the case was tried, and the game warden or sheriff or constable of the county shall immediately destroy such device and make a sworn report to the judge of such court, showing how, when, and where said device was destroyed. When such device is found by a peace officer of this state or any law enforcement officer employed by the Parks and Wildlife Department without anyone in possession where its use is prohibited, it shall be seized by such officer without warrant and delivered to the appropriate court in the county in which it was found. Said peace officer or employee shall make affidavit that such device was found in or on the tidal waters of this state at a point where its use was prohibited, which said affidavit shall describe such device and the court shall direct the game warden or sheriff or any constable of the county to post a copy of said affidavit in the courthouse of the county in which said device was seized, and said officer shall make his return to the court showing when and where said notice was posted. Thirty (30) days after such notice is posted, the court, either in term-time or in vacation, shall enter an order directing the immediate destruction of such device by any game warden or the sheriff or any constable in the county, and said officer executing said order, shall, under oath, make his return to said court, showing how, when, and where, such device was destroyed. It shall be the duty of the Parks and Wildlife Department to enforce this Act."

". . . ."

We assume your questions refer to Article 1, Sections 17 and 19 of the Constitution of Texas. Article 1, Section 17, reads as follows:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof."

The corollary of Section 17 in the Constitution of the United States is the 5th Amendment, which reads, in part, as follows:

"No person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation."

Article 1, Section 19 of the Constitution of Texas reads as follows:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

The corollary of Section 19 in the Constitution of the United States is both the 5th Amendment, quoted above in part, and the 14th Amendment, which reads, in part, as follows:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The United States Supreme Court has upheld a New York statute allowing the seizure and destruction of fish nets being used illegally, which did not provide for any notice or hearing, pointing out that the owner would have his day in court at a later date in a suit brought for the destruction of the property. Lawton v. Steele, 152 U.S. 133 (1894). See also Yakus v. United States, 321 U.S. 414, 442-443 (1944) confirming this view.

In considering the constitutionality of Article 952L-12, we eliminate from our discussion the constitutionality of seizing prohibited devices found where there is no individual in possession, since an opinion of this office, No. O-679 (1939) determined that strikingly similar provisions in Article 952L-10, §3, were appropriate and constitutional. What remains for discussion is the language of Section 2 of Article 952L-10 as it applies to an individual found with prohibited devices in his possession or in using those devices.

Also similar to Article 952L-12 and Article 952L-10 is Article 941, of the Texas Penal Code. The pertinent portion of Article 941 provided that where persons are charged with violation of the provisions of the Act (Article 941) then:

> "The Game Fish and Oyster Commissioner of Texas
> or his deputy shall have the power and right
> to seize and hold nets, seines or other tackle
> in his possession as evidence until after the
> trial of the defendant and no suit shall be
> maintained against him therefor."

The same questions of constitutionality were raised in construing Article 941, in the case of Tuttle v. Wood, 35 S.W.2d 1061 (1930, error ref.). The Court in that case recognized that the State owns the game and the tidewaters and the fish within the state and has the sovereign and inherent power, exercisable through the Legislature, to regulate the taking of fish and shrimp from public waters and to prohibit such taking, citing Sterrett v. Gibson, 168 S.W. 16, (Tex.Civ.App., 1914, no writ); that the necessity and reasonableness of the fish regulations are left to the discretion of the legislature, and that the citizen has no vested right in the game and fish of the State. Consequently, the Legislature has the power to declare that which is not a constitutional right to be unlawful, thereby revoking or modifying that which is a mere privilege and which the state, in its sovereignty, may or may not choose to bestow upon the citizens of the

State. Sterrett v. Gibson, supra. We will presume that there will be a reasonable exercise of the police power and consequently such exercise will not be held to be a "taking" or "damaging" of property for which compensation must be paid.

In determining the constitutionality of Article 941, the court in Tuttle v. Wood said the following:

>"It is contended . . . that the act is violative of the due process and equal protection clauses of the Federal and State Constitutions and in contravention of the provision of the State Constitution vesting the Legislature with the exclusive power to make laws. We are of the opinion that the acts are not subject to these objections." (Emphasis Added.)

It is therefore the opinion of this office that Section 2 of Article 952L-12 is constitutional and does not violate the due process clause of either the Texas or the United States Constitution, nor would it necessarily be held to deprive a person of property without compensation upon judicial review thereof. We are reinforced in our opinion by the following language from Sterrett v. Gibson, supra, which indicates that the state grants no property right or immunity to an individual in the fish or apparatus used within its waters.

>"The state has the power and authority to make laws deemed necessary and proper for the preservation of its game and fish, and such power has been exercised so long and so beneficially that any attempt to call it in question will meet with scant consideration by any appellate court. Not only has the state the power to preserve its game and fish, but it is its duty to do so by enacting laws prohibiting destructive and exhaustive methods of taking the same, by the use of instruments that will destroy them at improper times and places. In the exercise of this wise and beneficient police power the state has authority to not only declare that seines and nets shall not be used in its waters but to make such use a crime and to make

> all measures necessary to prevent a repe-
> tition of such offenses. Such instruments
> of destruction of fish may be declared
> nuisances by the Legislature and its
> officers authorized to destroy them."
> (Emphasis added.)

It appears settled law that the federal and state governments can seize without compensation property put to illicit use in violation of statute, and the United States Supreme Court affirmed this rule even where the owner of the legal title to the property did not participate in such illegal use and had no knowledge of it. J. W. Goldsmith, Jr. - Grant Co. v. U.S., 254 U.S. 505 (1921).

We feel the language quoted above from the Sterrett case correctly answers both of your questions in the negative. There can be no "taking" or "damaging" of constitutional property rights if no such rights exist. The forfeiture of an automobile owned by one not operating it when it was seized and found to be illegally transporting narcotics has been upheld as within the police power of the state. State v. Richards, 157 Tex. 166, 301 S.W.2d 597 (1957). Commercial or Individual fishing licenses issued by the State constitute mere personal privileges which may be summarily revoked for a violation of any of the terms and conditions imposed by the Legislature. The courts have no concern with the wisdom of such legislative acts and must give effect to the stated purpose or plan of the legislature, although such measure may seem ill advised or impracticable to some individuals. State v. Jackson, 376 S.W.2d 341 (Tex.Sup. 1964).

## SUMMARY

Article 952L-12, Section 2, Texas Penal Code, providing both for seizure and confiscation of devices prohibited in Espiritu Santo Bay and other bays and lakes until and pending outcome of trial of the individual possessing or using such devices, and destruction of such devices upon conviction of the individual possessing or using them is constitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bennie W. Bock, II
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

R. D. Green
Terry Goodman
Glenn Brown
Austin C. Bray, Jr.

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant